UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM JOHNSON,<br><br>        Plaintiff,<br><br>    v.<br><br>AUTOZONE, INC.,<br><br>        Defendant. | No. 2:11-cv-03395-GEB-EFB<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEY'S FEES AND SANCTIONS**[*] |

        Defendant "moves for a partial award of attorney's fees" under 28 U.S.C. § 1927, arguing "the Court should sanction Plaintiff's counsel for vexatiously multiplying the proceedings." (Def.'s Mem. of P.&A. in Supp. of Mot. for Att'ys Fees & Sanctions ("Def.'s Mot.") 1:15-18, ECF No. 37-1.) In the alternative, Defendant seeks a partial award of attorney's fees under California Government Code section 12965(b) "as the prevailing party on Plaintiff's frivolous [sexual] harassment claim." (Id. at 1:20-22.)

        Plaintiff opposes the motion, rejoining: "[t]here is no basis in law or fact to impose sanctions upon Plaintiff or her counsel of record. Likewise, Defendant has no statutory right to attorney['s] fees under the facts presented." (Pl.'s Mem. of

---

[*] This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

P.&A. in Opp'n to Def.'s Mot. ("Pl.'s Opp'n") 1:22-24, ECF No. 40.)

## I. BACKGROUND

Plaintiff's Complaint, filed December 21, 2011, comprises multiple state employment law claims, including a claim alleging sexual harassment proscribed by the California Fair Employment and Housing Act ("FEHA"). (See Compl., ECF No. 1.) Defendant's counsel emailed Plaintiff's counsel on February 15, 2013, stating *inter alia*: "[this] harassment claim appear[ed] to be time-barred[,] . . . [and] should be dismissed without the necessity of a motion." (Decl. of Michael Hoffman in Supp. of Def.'s Mot. ("Hoffman Decl."), Ex. A, ECF No. 37-3.)

On May 20, 2013, the last day to timely file and duly notice a motion for hearing in accordance with the March 29, 2012 Status Order, Defendant filed a summary judgment motion, (ECF No. 15). On that same day, Plaintiff filed a motion to modify the status order, (ECF No. 22), seeking to file a motion for leave to amend the Complaint to add a defamation claim and dismiss the sexual harassment claim. Plaintiff's counsel avers "[t]he decision . . . to dismiss [Plaintiff's] . . . sexual harassment [claim] was made *before* Defendant served and filed its Motion for Summary Judgment." (Decl. of Bianca Saad in Supp. of Pl.'s Opp'n ¶¶ 7-11, ECF No. 40-4.)

In support of her motion to modify the status order, Plaintiff alleged she learned facts supporting a defamation claim on December 4, 2012. The justification Plaintiff proffered for the delay in seeking to modify the status order after she became aware of the facts supporting a defamation claim was the parties'

2

1  alleged settlement negotiations that "occurred from approximately
2  early February 2013, until early April 2013." (Pl.'s Mem. of
3  P.&A. in Supp. of Mot. to Modify Court's Status Order & for Leave
4  to File First Am. Compl. ("Pl.'s Mot. to Modify") 4:19-24, ECF
5  No. 22-1.)

6        This lawsuit was referred to the Court's Voluntary
7  Dispute Resolution Program ("VDRP") on March 29, 2012, (see
8  Status Order 4:7-8, ECF No. 8), and Shirish Gupta was appointed
9  as the VDRP Administrator on April 16, 2012. (ECF No. 9.)
10 Plaintiff's counsel avers that on April 26, 2012, "counsel for
11 the parties agreed that [some discovery should be conducted]
12 prior to scheduling a mediation session later in October or
13 November 2012." (Decl. of Lawrence A. Bohm in Supp. of Pl.'s
14 Opp'n ("Bohm Decl.") ¶ 4, ECF No. 40-1.) Mr. Bohm declares that
15 in October 2012, when asked by Ms. Gupta whether the action was
16 ready for mediation, he responded that it was "for Defendant's
17 attorney to decide when the case was ready for mediation." (Id.
18 at ¶ 5.) Email correspondence between Ms. Gupta and counsel for
19 the parties evinces that Ms. Gupta contacted counsel in February
20 2013, seeking their opinion on "scheduling a mediation" in
21 advance of the "April 29[, 2013] discovery cutoff." (Id., Ex. A,
22 ECF No. 40-2.)

23       Defendant's attorney, Amy Hirsh, avers that in early
24 February of 2013, "[she] spoke by telephone with [Plaintiff's
25 counsel] regarding deposition schedules, at which time
26 [Plaintiff's counsel] asked if Defendant wanted to discuss
27 settlement." (Decl. of Amy Hirsh in Supp. of Def.'s Mot. ¶ 3, ECF
28 No. 37-2.)

3

In Defense counsel's referenced February 15, 2013 email to Plaintiff's counsel, Defense counsel stated, *inter alia*:

> Your office . . . asked whether the company would like to discuss settlement before we proceed with additional depositions. I appreciate the suggestion. To date, I am unaware of any compromise proposals from Plaintiff (or the amount).
>
> . . . .
>
> Absent some new information, it appears that any settlement would fall into a range where we have resolved past cases. If Plaintiff is open to a dialogue in that range, we have an opportunity to settle the case quickly. If not- and that is certainly her prerogative- we should proceed with scheduling the depositions.

(Hoffman Decl., Ex. A.) Plaintiff's counsel avers that "[a]fter receiving [the February 15th email], Plaintiff and her counsel had several meetings. (Bohm Decl. ¶ 8.)

## II. DISCUSSION

**A.   28 U.S.C. § 1927**

Defendant seeks a partial award of attorney's fees under section 1927, arguing: "Plaintiff's counsel forced Defendant to move for summary adjudication on a sexual harassment claim that Plaintiff was prepared to voluntarily dismiss[, and] . . . Plaintiff's counsel acted in bad faith by filing a motion for leave to amend for the ostensible purpose of delaying the action and imposing additional costs on Defendant." (Def.'s Mot. 1:17-20.) Defendant further contends:

> [Plaintiff's counsel] knew, no later than February 2013, that Defendant deemed the [sexual harassment] claim meritless and requested dismissal. Bohm Law Group pressed on and forced Defendant to incur substantial

4

> expense – only to abandon the claim hours after Defendants filed the summary judgment motion. Regardless of whether Plaintiff's attorneys continued prosecution of other claims, the firm unreasonably and vexatiously multiplied the proceedings by forcing Defendant to move for summary adjudication on the claim for sexual harassment. . . .
>
> Moreover, Plaintiff's motion for leave to amend the pleadings was specious and grounded on misleading statements to the Court. According to a declaration from Plaintiff's counsel, the delay was caused by the parties' settlement discussions. (Dkt. No. 22-2, Decl. Bohm at 3.) However, Plaintiff never made a settlement proposal. (Decl. Hoffman at 1-2.) . . . . The motion for leave to amend was plainly filed for the bad faith purpose of delaying the proceedings, derailing summary judgment, and increasing defense costs.

(Id. at 4:24-5:13.)

Plaintiff counters:

> Defendant complains that Plaintiff did not dismiss her case soon enough after a settlement communication indicating that "it appears" her claim was time barred. In no case cited by the Defendant did the court levy sanctions on a Plaintiff and her counsel who agreed to voluntarily abandon a claim in response to being asked in a settlement email. To the contrary, . . . [t]he very act of Plaintiff's acquiescence in abandoning her sexual harassment claim is inapposite to the required factual finding of "vexatious," "unreasonable" and "bad faith" conduct.

(Pl.'s Opp'n 4:21-28.) Plaintiff further rejoins: "although [the motion to modify the status order] was unsuccessful, [it] was presented in a [sic] good faith. The fact that the motion was denied does not prove the motion was made in bad faith." (Id. at 5:4-9.)

28 U.S.C. § 1927 prescribes:

> Any attorney . . . in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and

5

>vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

"To be sanctionable under § 1927, therefore, counsel's conduct must multiply the proceedings in both an 'unreasonable and vexatious manner.'" In re Girardi, 611 F.3d 1027, 1060-61 (9th Cir. 2010) (quoting B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1107 (9th Cir. 2002)). "The power to assess costs against an attorney under § 1927, however, is a power that must be strictly construed and utilized only in instances evidencing a 'serious and standard disregard for the orderly process of justice . . . .'" Dreiling v. Peugot Motors of Am., Inc., 768 F.2d 1159, 1165 (9th Cir. 1985) (quoting Kietel v. Las Vegas Hacienda, Inc., 404 F.2d 1163, 1167 (7th Cir. 1968)).

"The key term in the statute is 'vexatiously'; carelessly, negligently, or unreasonably multiplying the proceedings is not enough." In re Girardi, 611 F.3d at 1061. In the Ninth Circuit, "a finding that the attorney recklessly or intentionally misled the court is sufficient to impose sanctions under § 1927, and a finding that the attorneys recklessly raised a frivolous argument which resulted in the multiplication of the proceedings is also sufficient to impose sanctions under § 1927." Id. (citations omitted).

Defendant has not shown that Plaintiff's conduct in seeking to dismiss her sexual harassment claim on the same day Defendant moved for summary judgment satisfies this standard. See Heary Bros. Lightning Prot. Co., 262 F. App'x 815, 817-18 (9th Cir. 2008) (reversing district court's imposition of sanctions

6

against the plaintiffs under § 1927 when the plaintiffs did not dismiss certain claims prior to the defendant's filing of a summary judgment motion, stating "[t]he plaintiffs' decision not to oppose summary judgment appears to be a reasonable trial strategy"); see also Buffalo Specialty Prods. v. Great Am. Ins., No. 97 CIV 4650 (SS), 1997 WL 778733, at *1 (S.D.N.Y. Dec. 17, 1997) (stating the plaintiff's actions in failing to discontinue the action until after the defendant filed its summary judgment motion "did not rise to the level of bad faith justifying the Court's exercise of its . . . statutory powers to impose sanctions").

Further, Defendant has not shown that Plaintiff's motion to modify the status order was "specious [or] grounded on misleading statements to the Court." (Def.'s Mot. 5:3-4.) Plaintiff's counsels' averments and attached email correspondence between the parties' counsel and the appointed VDRP representative support Plaintiff's representations in the motion to modify the status order that a "potential resolution" was being explored in early 2013. (Pl.'s Mot. to Modify 4:19-24.)

Therefore, Defendant has not shown that it is entitled to sanctions under § 1927.

**B.   California Government Code section 12965(b)**

Defendant argues "Plaintiff had no grounds to sue for [sexual] harassment[, and a]s the prevailing party, Defendant is entitled to a partial award of attorneys' fees [under section 12965(b)] for the burden and expense of filing a summary judgment [motion] to dismiss the harassment claim." (Def.'s Mot. 8:9-11.)

7

Plaintiff counters that Defendant cannot be "deemed the prevailing party on the merits" when Plaintiff "voluntarily abandoned" her sexual harassment claim and "summary judgment was never decided" on that claim. (Pl.'s Opp'n 5:14-16.)

Section 12965(b) prescribes in relevant part: "[i]n actions brought under [the FEHA], the court, in its discretion, may award to the prevailing party reasonable attorney's fees and costs."

Here, Defendant has not shown that it was the "prevailing party" under section 12965(b) since Plaintiff dismissed her sexual harassment claim before any decision was reached on the claim's merits. See EEOC v. UPS, Inc., 424 F.3d 1060, 1077-78 (9th Cir. 2005) (citing Hon v. Marshall, 53 Cal. App. 4th 470, 475, 478-79 (1997)) (reversing district court's award of attorney's fees under section 12965(b) when the plaintiffs voluntarily dismissed certain claims after defendant filed a summary judgment motion and indicating a favorable decision on the merits is required to be a "prevailing party" under the statute).

### III. CONCLUSION

For the stated reasons, Defendant's motion for attorney's fees and sanctions is DENIED.

Dated: November 26, 2013

GARLAND E. BURRELL, JR.
Senior United States District Judge

8