UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KIM JOHNSON,                          No. 2:11-cv-03395-GEB-EFB

          Plaintiff,

     v.                               **ORDER DENYING DEFENDANT'S MOTION
                                      FOR ATTORNEY'S FEES AND
AUTOZONE, INC.,                       SANCTIONS***

          Defendant.

          Defendant "moves for a partial award of attorney's fees" under 28 U.S.C. § 1927, arguing "the Court should sanction Plaintiff's counsel for vexatiously multiplying the proceedings." (Def.'s Mem. of P.&A. in Supp. of Mot. for Att'ys Fees & Sanctions ("Def.'s Mot.") 1:15-18, ECF No. 37-1.) In the alternative, Defendant seeks a partial award of attorney's fees under California Government Code section 12965(b) "as the prevailing party on Plaintiff's frivolous [sexual] harassment claim." (Id. at 1:20-22.)

          Plaintiff opposes the motion, rejoining: "[t]here is no basis in law or fact to impose sanctions upon Plaintiff or her counsel of record. Likewise, Defendant has no statutory right to attorney['s] fees under the facts presented." (Pl.'s Mem. of

---

* This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

1   P.&A. in Opp'n to Def.'s Mot. ("Pl.'s Opp'n") 1:22-24, ECF No.

2   40.)

3                         **I.  BACKGROUND**

4          Plaintiff's  Complaint,  filed  December  21,  2011,

5   comprises multiple state employment law claims, including a claim

6   alleging  sexual  harassment  proscribed  by  the  California  Fair

7   Employment  and  Housing  Act  ("FEHA").  (See Compl., ECF No. 1.)

8   Defendant's  counsel  emailed  Plaintiff's  counsel  on  February 15,

9   2013,  stating  inter alia:  "[this]  harassment  claim  appear[ed]  to

10  be  time-barred[,] . . . [and]  should  be  dismissed  without  the

11  necessity  of  a  motion."  (Decl. of Michael  Hoffman  in  Supp.  of

12  Def.'s Mot. ("Hoffman Decl."), Ex. A, ECF No. 37-3.)

13         On  May 20, 2013,  the  last  day  to  timely  file  and  duly

14  notice a motion for hearing in accordance with the March 29, 2012

15  Status Order, Defendant filed a summary judgment motion, (ECF No.

16  15).  On  that  same  day,  Plaintiff  filed  a  motion  to  modify  the

17  status order, (ECF No. 22), seeking to file a motion for leave to

18  amend  the  Complaint  to  add  a  defamation  claim  and  dismiss  the

19  sexual  harassment  claim.  Plaintiff's  counsel  avers  "[t]he

20  decision . . . to dismiss [Plaintiff's] . . . sexual harassment

21  [claim] was made before Defendant served and filed its Motion for

22  Summary Judgment." (Decl. of Bianca Saad in Supp. of Pl.'s Opp'n

23  ¶¶ 7-11, ECF No. 40-4.)

24         In  support  of  her  motion  to  modify  the  status  order,

25  Plaintiff alleged she learned facts supporting a defamation claim

26  on December 4, 2012. The justification Plaintiff proffered for

27  the delay in seeking to modify the status order after she became

28  aware of the facts supporting a defamation claim was the parties'

                                2

1  alleged settlement negotiations that "occurred from approximately

2  early February 2013, until early April 2013." (Pl.'s Mem. of

3  P.&A. in Supp. of Mot. to Modify Court's Status Order & for Leave

4  to File First Am. Compl. ("Pl.'s Mot. to Modify") 4:19-24, ECF

5  No. 22-1.)

6         This lawsuit was referred to the Court's Voluntary

7  Dispute Resolution Program ("VDRP") on March 29, 2012, (see

8  Status Order 4:7-8, ECF No. 8), and Shirish Gupta was appointed

9  as the VDRP Administrator on April 16, 2012. (ECF No. 9.)

10  Plaintiff's counsel avers that on April 26, 2012, "counsel for

11  the parties agreed that [some discovery should be conducted]

12  prior to scheduling a mediation session later in October or

13  November 2012." (Decl. of Lawrence A. Bohm in Supp. of Pl.'s

14  Opp'n ("Bohm Decl.") ¶ 4, ECF No. 40-1.) Mr. Bohm declares that

15  in October 2012, when asked by Ms. Gupta whether the action was

16  ready for mediation, he responded that it was "for Defendant's

17  attorney to decide when the case was ready for mediation." (Id.

18  at ¶ 5.) Email correspondence between Ms. Gupta and counsel for

19  the parties evinces that Ms. Gupta contacted counsel in February

20  2013, seeking their opinion on "scheduling a mediation" in

21  advance of the "April 29[, 2013] discovery cutoff." (Id., Ex. A,

22  ECF No. 40-2.)

23         Defendant's attorney, Amy Hirsh, avers that in early

24  February of 2013, "[she] spoke by telephone with [Plaintiff's

25  counsel] regarding deposition schedules, at which time

26  [Plaintiff's counsel] asked if Defendant wanted to discuss

27  settlement." (Decl. of Amy Hirsh in Supp. of Def.'s Mot. ¶ 3, ECF

28  No. 37-2.)

1

2          In Defense counsel's referenced February 15, 2013 email

3    to Plaintiff's counsel, Defense counsel stated, *inter alia*:

4              Your office . . . asked whether the
               company would like to discuss settlement
5              before we proceed with additional
               depositions. I appreciate the suggestion. To
6              date, I am unaware of any compromise
               proposals from Plaintiff (or the amount).
7
               . . . .
8
               Absent some new information, it appears
9              that any settlement would fall into a range
               where we have resolved past cases. If
10             Plaintiff is open to a dialogue in that
               range, we have an opportunity to settle the
11             case quickly. If not- and that is certainly
               her prerogative- we should proceed with
12             scheduling the depositions.

13   (Hoffman Decl., Ex. A.) Plaintiff's counsel avers that "[a]fter

14   receiving [the February 15th email], Plaintiff and her counsel

15   had several meetings. (Bohm Decl. ¶ 8.)

16                            **II. DISCUSSION**

17   **A.   28 U.S.C. § 1927**

18         Defendant seeks a partial award of attorney's fees

19   under section 1927, arguing: "Plaintiff's counsel forced

20   Defendant to move for summary adjudication on a sexual harassment

21   claim that Plaintiff was prepared to voluntarily dismiss[,

22   and] . . . Plaintiff's counsel acted in bad faith by filing a

23   motion for leave to amend for the ostensible purpose of delaying

24   the action and imposing additional costs on Defendant." (Def.'s

25   Mot. 1:17-20.) Defendant further contends:

26             [Plaintiff's counsel] knew, no later than
               February 2013, that Defendant deemed the
27             [sexual harassment] claim meritless and
               requested dismissal. Bohm Law Group pressed
28             on and forced Defendant to incur substantial

                                    4

1
2
3
4
5

> expense – only to abandon the claim hours after Defendants filed the summary judgment motion. Regardless of whether Plaintiff's attorneys continued prosecution of other claims, the firm unreasonably and vexatiously multiplied the proceedings by forcing Defendant to move for summary adjudication on the claim for sexual harassment. . . .
>
> Moreover, Plaintiff's motion for leave to amend the pleadings was specious and grounded on misleading statements to the Court. According to a declaration from Plaintiff's counsel, the delay was caused by the parties' settlement discussions. (Dkt. No. 22-2, Decl. Bohm at 3.) However, Plaintiff never made a settlement proposal. (Decl. Hoffman at 1-2.) . . . . The motion for leave to amend was plainly filed for the bad faith purpose of delaying the proceedings, derailing summary judgment, and increasing defense costs.

6
7
8
9
10
11
12

(Id. at 4:24-5:13.)

13

> Plaintiff counters:

14
15
16
17
18
19
20

> Defendant complains that Plaintiff did not dismiss her case soon enough after a settlement communication indicating that "it appears" her claim was time barred. In no case cited by the Defendant did the court levy sanctions on a Plaintiff and her counsel who agreed to voluntarily abandon a claim in response to being asked in a settlement email. To the contrary, . . . [t]he very act of Plaintiff's acquiescence in abandoning her sexual harassment claim is inapposite to the required factual finding of "vexatious," "unreasonable" and "bad faith" conduct.

21
22
23
24
25

(Pl.'s Opp'n 4:21-28.) Plaintiff further rejoins: "although [the motion to modify the status order] was unsuccessful, [it] was presented in a [sic] good faith. The fact that the motion was denied does not prove the motion was made in bad faith." (Id. at 5:4-9.)

26

> 28 U.S.C. § 1927 prescribes:

27
28

> Any attorney . . . in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and

1
2
3

> vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

4 "To be sanctionable under § 1927, therefore, counsel's conduct

5 must multiply the proceedings in both an 'unreasonable and

6 vexatious manner.'" In re Girardi, 611 F.3d 1027, 1060-61 (9th

7 Cir. 2010) (quoting B.K.B. v. Maui Police Dep't, 276 F.3d 1091,

8 1107 (9th Cir. 2002)). "The power to assess costs against an

9 attorney under § 1927, however, is a power that must be strictly

10 construed and utilized only in instances evidencing a 'serious

11 and standard disregard for the orderly process of

12 justice . . . .'" Dreiling v. Peugot Motors of Am., Inc., 768

13 F.2d 1159, 1165 (9th Cir. 1985) (quoting Kietel v. Las Vegas

14 Hacienda, Inc., 404 F.2d 1163, 1167 (7th Cir. 1968)).

15     "The key term in the statute is 'vexatiously';

16 carelessly, negligently, or unreasonably multiplying the

17 proceedings is not enough." In re Girardi, 611 F.3d at 1061. In

18 the Ninth Circuit, "a finding that the attorney recklessly or

19 intentionally misled the court is sufficient to impose sanctions

20 under § 1927, and a finding that the attorneys recklessly raised

21 a frivolous argument which resulted in the multiplication of the

22 proceedings is also sufficient to impose sanctions under § 1927."

23 Id. (citations omitted).

24     Defendant has not shown that Plaintiff's conduct in

25 seeking to dismiss her sexual harassment claim on the same day

26 Defendant moved for summary judgment satisfies this standard. See

27 Heary Bros. Lightning Prot. Co., 262 F. App'x 815, 817-18 (9th

28 Cir. 2008) (reversing district court's imposition of sanctions

1   against the plaintiffs under § 1927 when the plaintiffs did not

2   dismiss certain claims prior to the defendant's filing of a

3   summary judgment motion, stating "[t]he plaintiffs' decision not

4   to oppose summary judgment appears to be a reasonable trial

5   strategy"); see also Buffalo Specialty Prods. v. Great Am. Ins.,

6   No. 97 CIV 4650 (SS), 1997 WL 778733, at *1 (S.D.N.Y. Dec. 17,

7   1997) (stating the plaintiff's actions in failing to discontinue

8   the action until after the defendant filed its summary judgment

9   motion "did not rise to the level of bad faith justifying the

10   Court's exercise of its . . . statutory powers to impose

11   sanctions").

12          Further, Defendant has not shown that Plaintiff's

13   motion to modify the status order was "specious [or] grounded on

14   misleading statements to the Court." (Def.'s Mot. 5:3-4.)

15   Plaintiff's counsels' averments and attached email correspondence

16   between the parties' counsel and the appointed VDRP

17   representative support Plaintiff's representations in the motion

18   to modify the status order that a "potential resolution" was

19   being explored in early 2013. (Pl.'s Mot. to Modify 4:19-24.)

20          Therefore, Defendant has not shown that it is entitled

21   to sanctions under § 1927.

22   **B.   California Government Code section 12965(b)**

23          Defendant argues "Plaintiff had no grounds to sue for

24   [sexual] harassment[, and a]s the prevailing party, Defendant is

25   entitled to a partial award of attorneys' fees [under section

26   12965(b)] for the burden and expense of filing a summary judgment

27   [motion] to dismiss the harassment claim." (Def.'s Mot. 8:9-11.)

28

7

1          Plaintiff counters that Defendant cannot be "deemed the
2    prevailing party on the merits" when Plaintiff "voluntarily
3    abandoned" her sexual harassment claim and "summary judgment was
4    never decided" on that claim. (Pl.'s Opp'n 5:14-16.)
5          Section 12965(b) prescribes in relevant part: "[i]n
6    actions brought under [the FEHA], the court, in its discretion,
7    may award to the prevailing party reasonable attorney's fees and
8    costs."
9          Here, Defendant has not shown that it was the
10   "prevailing party" under section 12965(b) since Plaintiff
11   dismissed her sexual harassment claim before any decision was
12   reached on the claim's merits. See EEOC v. UPS, Inc., 424 F.3d
13   1060, 1077-78 (9th Cir. 2005) (citing Hon v. Marshall, 53 Cal.
14   App. 4th 470, 475, 478-79 (1997)) (reversing district court's
15   award of attorney's fees under section 12965(b) when the
16   plaintiffs voluntarily dismissed certain claims after defendant
17   filed a summary judgment motion and indicating a favorable
18   decision on the merits is required to be a "prevailing party"
19   under the statute).

## III. CONCLUSION

21         For the stated reasons, Defendant's motion for
22   attorney's fees and sanctions is DENIED.
23         Dated:  November 26, 2013
24

25   _____
26   GARLAND E. BURRELL, JR.
     Senior United States District Judge
27

28